ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 0 5 2009

JAMES N. HATTEN, Clerk
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 1 09-CV-0013 |
| | : | |
| $11,120.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | BBM |

## COMPLAINT FOR FORFEITURE

Comes now the United States of America the Plaintiff in this matter, and shows the Court the following in support of this Complaint for Forfeiture:

1.

This Court has jurisdiction and venue over the claim by virtue of 28 U.S.C. §§ 1345, 1355, and 1395.

2.

This civil forfeiture action is filed against the Defendant Property pursuant to 21 U.S.C. § 881(a)(6), as money furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or money used to facilitate any drug violation or intended to be used to facilitate any drug violation.

3.

On or about August 6, 2008, members of the Spalding County Sheriff's Office seized $11,120.00 in U.S. currency (the "Defendant

Currency") after conducting a traffic stop on a vehicle traveling northbound on Interstate 75 in Spalding County, Georgia, a place within the jurisdiction and venue of this court. The Defendant Currency remains in the Northern District of Georgia.

4.

At approximately 7:00 P.M. on the evening of August 6, 2008, Special Agent Scott McDaniel (S.A. McDaniel), of the Spalding County Sheriff's Office Special Operations Unit, observed a Honda Accord traveling northbound on I-75 at an unusually slow speed, causing oncoming traffic to change lanes. S.A. McDaniel pursued the vehicle, which was traveling at 60 M.P.H., below the posted speed limit, and initiated a traffic stop.

5.

Two males were seated in the front of the vehicle. S.A. McDaniel noticed that the passenger, Milton Marshall, had a large burn on his left ankle. Marshall stated that he was burned attempting to save his granddaughter from being burned and that he was on his way to the Grady Hospital Burn Unit.

6.

S.A. McDaniel next spoke to the driver, a male named Valynsky Orta Calhoun. S.A. McDaniel asked Calhoun to step to the rear of the Honda. Calhoun appeared nervous and handed S.A. McDaniel a commercial drivers license. During his conversation with S.A.

McDaniel, Calhoun stated that he was unemployed and that he had gotten onto I-75 at Macon. S.A. McDaniel advised Calhoun that he should remain in the right lane when driving slower than other traffic on the freeway.

7.

S.A. McDaniel asked Calhoun if there was anything illegal in his vehicle. Calhoun replied "there shouldn't be," then stated, "not that I know of." Calhoun appeared to become more nervous as he spoke and S.A. McDaniel noticed a large bulge in Calhoun's pants pocket. When asked about it, Calhoun stated that the bulge was his money, approximately five or six thousand dollars.

8.

Corporal Howard Spitzer and Special Agent Sammie Torres, also of the Spalding County Sheriff's Office, arrived on the scene. After asking Marshall to exit the vehicle, S.A. McDaniel walked a trained police dog named Titan around the vehicle. Titan gave a positive response for the presence of narcotics on the passenger side of the vehicle. Based on Titan's alert, S.A. McDaniel and Cpl. Spitzer searched the vehicle.

9.

Inside of the vehicle, Spitzer and McDaniel located several bottles of air freshener in the console and backseat of the vehicle. Cpl. Spitzer patted down Calhoun and removed $11,120 in

U.S. currency, the Defendant Currency, from his pants pockets. The Defendant Currency was wrapped in black rubber bands, and 308 of the 528 bills that constituted the Defendant Currency were $20 bills.

10.

S.A. McDaniel knew from his training and experience as a police officer that the proceeds of narcotics transactions often include a disproportionately high number of $20 bills. In addition, currency packaged for use in a narcotics transaction is often bound in the manner described above.

11.

While Calhoun had stated to S.A. McDaniel that he was unemployed, he told Cpl. Spitzer that he worked for a contractor. McDaniel checked Calhoun's criminal history and found that Calhoun's criminal history included charges of cocaine distribution, possession of marijuana and multiple arrests for driving under the influence of alcohol.

12.

Calhoun told S.A. McDaniel that his wife, Willynda Jackson, had given him the Defendant Currency. McDaniel asked Calhoun for Jackson's phone number, so that McDaniel could verify Calhoun's story. Calhoun initially refused to provide Jackson's phone number and accused McDaniel of harassing him. However, when S.A. McDaniel

walked back to his patrol vehicle, Calhoun changed his mind and provided McDaniel with Jackson's phone number.

13.

S.A. McDaniel telephoned Jackson and inquired about the source of the Defendant Currency. Jackson stated that she gave Calhoun $9,800. When McDaniel asked what the money was for, Jackson hesitated before telling McDaniel that the money was for the purchase of a second automobile. At the same time, the passenger, Marshall, placed a call on his cellular phone but refused to tell Corporal Spitzer whom he had called.

14.

Calhoun accompanied S.A. McDaniel and the other officers to the Spalding County Special Operations Unit. Once there, police dog Titan was exposed to the Defendant Currency, as well as control samples of currency taken from general circulation. Titan alerted at the Defendant Currency. Said police dog is trained to alert to the presence of methyl benzoate, a chemical by-product that dissipates when exposed to air. The presence of this chemical indicates that the currency has been in recent proximity to large amounts of cocaine.

15.

On October 8, 2008, Valynsky Calhoun and Wiilynda Jackson, through an attorney, filed a Notice of Claim of Ownership with the

Drug Enforcement Administration ("DEA"). As a result, the United States initiated these judicial proceedings.

16.

Based on the facts set forth above, the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I of the United States Code, or proceeds traceable to such an exchange, or money used to facilitate any drug violation or intended to be used to facilitate any drug violation.

WHEREFORE, the United States prays:

(1) That the Court forfeit the Defendant Property to the United States of America;

(2) That the Court award the Plaintiff the costs of this action; and

(3) That the Court grant such other relief as the Court deems just and proper.

This 5th day of January, 2009.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

G. JEFFREY VISCOMI
ASSISTANT U.S. ATTORNEY

600 U.S. COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303
(404)581-6036
(404)581-6234 (Fax)
GEORGIA BAR NO. Provisionally admitted pursuant to local rule 83.1



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 0 5 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 1 09-CV-0013 |
| $11,120.00 IN UNITED STATES CURRENCY, | : | |
| Defendant. | : | |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Task Force Officer Sam Jones, of the Drug Enforcement Administration, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 5th day of January, 2009.

_____
SAM JONES
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION